**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Veronica R. Hollowell, *et al.*, | No. CV-15-02045-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Department of Child Safety, *et al.*, | |
| Defendants. | |

At issue are various motions in this case including: Plaintiff's Motions for Change of Custody (Docs. 3, 6); Defendant City of Phoenix's Motion to Dismiss (Doc. 10); Defendant Attorney General Mark Brnovich's Motion to Dismiss (Doc. 12)[1]; and Defendants U.S. Department of Justice, Phoenix FBI Department, and Special Agent in Charge Douglas G. Price's Motion to Dismiss (Doc. 39). In this Order, the Court will also resolve the Motions at Docs. 48, 49, 51, 53, and 54. For the reasons that follow, the Court grants the Motions to Dismiss and denies Plaintiff's Motions for Change of Custody.[2]

---

[1] Plaintiff filed a Surreply to Defendant Brnovich's Motion. (Doc. 46.) Surreplies are not authorized by this Court's rules. LRCiv 7.2. The Court grants Defendant Brnovich's Motion to Strike the Surreply (Doc. 51), and denies Plaintiff's Motion to Strike Defendant Brnovich's Motion (Doc. 53). The Court notes that Plaintiff's Surreply largely focused on the discovery rule, which the Court discusses below. *See infra* Section II, D.

[2] As the Court construes it, the Complaint also lists the Arizona Department of Child Safety, Director Gregory McKay, Monique D. Thomas, Stacey A. Ellis, Phoenix Police Department, Phoenix Police Department Chief's Office, Steve Stahl, Jack Harris, Arizona Attorney General's Office, Tom Horne, Maricopa County Sheriff's Office,

**I.     BACKGROUND**

As the Court understands the Complaint, Plaintiff[3] alleges that in January 2010, approximately 10 to 15 police officers, accompanied by a case worker from the Arizona Department of Child Services (now known as the Department of Child Safety), forcibly entered her home without a warrant or consent and took her child. (Doc. 1, Compl. at 4–5.) She asserts numerous claims related to that incident. Plaintiff also claims various other local, state, and federal agencies and their employees covered up the incident by declining to investigate it when Plaintiff asked them to. (*E.g.*, *id*. at 7–8.) Further, Plaintiff challenges an Arizona Superior Court order giving custody of the child to Plaintiff's ex-boyfriend, including by alleging various procedural problems in the Superior Court's proceedings. (*E.g.*, *id*. at 10.) Finally, Plaintiff demands a copy of a 2012 or 2013 Arizona Republic article related to a different incident involving a Department of Child Services caseworker. (*Id*. at 12.)[4]

**II.    ANALYSIS**

  **A.    The Court Lacks Subject Matter Jurisdiction to Review State Court Decisions**

Plaintiff's primary interest here appears to be obtaining relief from the custody order entered by the Superior Court. (*E.g.*, Doc. 6 at 1) ("Plaintiff requesting the Court to vacate Superior Family Court order of Judge Pamela Gates"). Essentially, she seeks to appeal that order. (Compl. at 10 (listing "[g]rounds for Federal Appellate Court

---

Sheriff Joe Arpaio, Arizona Department of Economic Security, Director Clarence Carter, and Deborah A. Harper as Defendants. (Doc. 1.) Although they have not appeared, the Court dismisses the claims against all Defendants. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared.").

[3] The Complaint and other filings appear to have been written by Plaintiff's mother, Vivian Epps. (*See, e.g.*, Doc. 1 at 4) ("I, Vivian Epps, 'Grandmother' witness all that were said and seen"). Ms. Epps styles herself as "Attorney in Fact," but does not appear to be an attorney. In federal court, a non-attorney may not appear *pro se* on behalf of someone other than herself. *See Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). The Court proceeds to examine Plaintiff's claims, despite this procedural deficiency.

[4] The Arizona Republic is not a named Defendant.

1  jurisdiction"); at 11 (referring to the Court as a "Federal Appellate Judge").) The Court is
2  powerless to hear such an appeal. Under the *Rooker-Feldman* doctrine, "a United States
3  District Court has no authority to review final judgments of a state court in judicial
4  proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The Court
5  lacks subject matter jurisdiction over the claim to appeal the family court order and the
6  claim is dismissed. *See Riding v. Cach LLC*, 992 F. Supp. 2d 987, 992 (C.D. Cal. 2014)
7  ("A challenge under the Rooker–Feldman doctrine is a challenge for lack of subject-
8  matter jurisdiction and may be raised at any time by either party or *sua sponte* by the
9  court."). Because Plaintiff's two Motions for Change of Custody (Docs. 3, 6) essentially
10 repeat the request to review the family court's orders, they are both denied.

### B. The Federal Defendants Must Be Dismissed

The United States and its agencies cannot be sued except insofar as they have consented to the suit. *See, e.g.*, *United States v. Testan*, 424 U.S. 392, 399 (1976). Plaintiff attempts to sue the U.S. Department of Justice and the Federal Bureau of Investigation, as well as Special Agent in Charge Price. Because the Complaint includes no allegations of actions or omissions by Special Agent in Charge Price and because the Complaint alleges he was the individual "in charge," it appears Plaintiff intends to sue him in his official capacity. A suit against a federal official in his official capacity is a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458–59 (9th Cir. 1985). Plaintiff cites no statutory authority, nor does the Court find any, authorizing suits against the United States, the Department of Justice, or the FBI for failing to investigate a complaint. Claims against these entities and Special Agent in Charge Price are dismissed.

### C. Plaintiff's Claims Against Entities that Cannot be Sued are Dismissed and Plaintiff's Municipal Liability Claims are Insufficient

Plaintiff's Complaint lists as Defendants local entities that cannot legally sue or be sued, namely the Phoenix Police Department and Maricopa County Sheriff's Office. *See Braillard v. Maricopa Cty.*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) ("there is a consensus among Arizona federal decisions that city police departments generally are

nonjural entities. . . . [W]e therefore conclude MCSO [Maricopa County Sheriff's Office] is a nonjural entity and should be dismissed from this case."). Plaintiff's claims against these entities are dismissed.

While Plaintiff's Complaint and related pleadings are unclear, the Court believes Plaintiff may be attempting to sue the City of Phoenix and Maricopa County, rather than the Phoenix Police Department and Maricopa County Sheriff's Office. Under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 693 (1978), local governments may be liable for damages resulting from their policies and practices. To the extent Plaintiff asserts a § 1983 claim asserting *Monell* liability, even construing the Complaint liberally, Plaintiff has not alleged employees of the City of Phoenix or Maricopa County acted pursuant to a policy or practice. Therefore, the Complaint fails to state a claim against these local government entities.

### D. All Other Claims are Barred by the Statute of Limitations

A one-year statute of limitations applies to state law claims against public entities or public employees. A.R.S. § 12-821.[5] Public entities are defined to include the state, its various agencies and departments, and political subdivisions, including cities. A.R.S. § 12-820(7)-(8); *City of Tucson v. Fleischman*, 731 P.2d 634, 636 (Ariz. Ct. App. 1986). Apart from the Federal Defendants, each of the Defendants is a public entity or public employee.

According to the Complaint, the alleged incident involving the taking of the child from Plaintiff and the subsequent refusals of the various agencies to investigate occurred in 2010. There is no indication in the Complaint that any of the events leading to Plaintiff's claims occurred within one year of the filing of the Complaint. Plaintiff argues she did not discover she could bring claims until recently. The discovery rule does not operate that way, however. Instead, it protects a Plaintiff who does not discover the *injury* he or she has suffered until after it has occurred. *Gabelli v. S.E.C.*, 133 S. Ct. 1216, 1221

---

[5] Arizona law also requires persons with a claim against public entities or employees to file a notice of claim within 180 days of the claim's accrual. A.R.S. § 12-821.01.

- 4 -

(2013). Plaintiff does not allege she was unaware until recently of either the police incident or the declined requests for investigations. The discovery rule thus does not apply here. Plaintiff's state law claims against all state and local Defendants are barred by the statute of limitations.

As noted, Plaintiff also appears to allege claims for deprivation of her constitutional rights against public entities or public employees. The Court reads these allegations to be claims under 42 U.S.C. § 1983, which are subject to a two-year statute of limitations. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). As with her state law claims, Plaintiff does not allege that any events leading to her constitutional claims occurred within two years of the filing of the Complaint or that she did not discover the injury that she suffered until recently. Accordingly, in addition to failing to allege facts sufficient for *Monell* liability, Plaintiff's § 1983 claims fail because they are barred by the two year statute of limitations.

### E.  Leave to Amend

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). Dismissal is proper on a Rule 12(b)(6) motion when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

None of Plaintiff's claims can be cured by amendment. Plaintiff's request that the Court reverse the Superior Court's custody order cannot be cured because the Court lacks subject matter jurisdiction to review the state court's order. *See Feldman*, 460 U.S. at 482. Plaintiff also cannot cure her claims against the United States and its agencies because those entities cannot be sued and have not consented to suit. *See Testan*, 424 U.S. at 399. Plaintiff's state and federal claims against public entities and public employees cannot be cured because the statutes of limitations have expired where the incident at issue occurred in 2010 and Plaintiff filed her Complaint in October 2015 – long after the one year limitations period for Arizona state law claims and two year

1 limitations period for § 1983 claims. *See* A.R.S. § 12-820(7)-(8); *Fleischman*, 731 P.2d at 636; *TwoRivers*, 174 F.3d at 991. Plaintiff's claims against the Phoenix Police Department and the Maricopa County Sheriff's Office also cannot be cured because those Defendants are nonjural entities. *See Braillard*, 232 P.3d at 1269. Because Plaintiff cannot cure any of her claims by amendment, all of her claims are dismissed with prejudice. *See Lopez*, 203 F.3d at 1127–30.

**III.    The Seal is Partially Lifted**

The Court has sealed all documents filed in this case thus far. Sealing an entire case runs contrary to the "strong presumption of access to judicial records." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "[I]f the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling.'" *Id*. at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The Court may seal documents attached to some non-dispositive motions for "good cause." *Id*. at 1180. However, for motions "more than tangentially related to the merits of the case," a "compelling reasons" standard applies. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).

Various of Plaintiff's filings contain highly sensitive information about her child – including numerous photographs – as well as her ex-boyfriend and his allegedly current partner. The Court finds this sensitive, personal information sealable under either standard. Thus, the following documents will remain sealed: Exhibits 1–5 of Doc. 1; Doc. 3; Doc 6; Doc. 34; Doc. 35; Doc. 46; Doc. 47; and Doc. 50. All other documents will be unsealed.

Upon motion by the Federal Defendants, the Court granted them access to the documents on the docket. (Doc. 45.) Plaintiff then moved to rescind such access, claiming it violated the Privacy Act of 1974, 5 U.S.C. § 552a. (Doc. 48.) That statute governs the disclosure of records by federal agencies. Federal courts are not "agencies," as defined at § 552(f), so the Privacy Act does not apply. Plaintiff's Motion is therefore denied.

**IV.    Plaintiff's Motion to Reassign is Denied**

Plaintiff also moved to reassign the case to Magistrate Judge Duncan, listing three reasons: 1) the Court's alleged violation of the Privacy Act, 2) "Exercising Freedom-of-choice by Rights of the U.S. Constitution Law of the Land," and 3) "In pursuit of Fair Justice." (Doc. 49.) As discussed above, the Privacy Act does not apply to federal courts. The latter two reasons do not override the limited jurisdiction of Magistrate Judges. *See* 28 U.S.C. § 636. Because at least one party has selected District Judge jurisdiction (Doc. 41), the Court cannot reassign the case to Judge Duncan. *See* LRCiv 3.7.

**IT IS THEREFORE ORDERED** granting the Motions to Dismiss (Docs. 10, 12, 39) and dismissing the Complaint with prejudice.

**IT IS FURTHER ORDERED** denying Plaintiff's Motions for Change of Custody (Docs. 3, 6).

**IT IS FURTHER ORDERED** denying Plaintiff's other pending motions (Docs. 48, 49, 53).

**IT IS FURTHER ORDERED** granting Defendant Brnovich's Motion to Strike (Doc. 51).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Resolution of the Case (Doc. 54) as moot.

**IT IS FURTHER ORDERED** the Clerk will unseal the case, except the following documents will remain sealed: Exhibits 1–5 of Doc. 1; Doc. 3; Doc 6; Doc. 34; Doc. 35; Doc. 46; Doc. 47; and Doc. 50. All other documents will be unsealed.

**IT IS FURTHER ORDERED** that the Clerk will enter judgment accordingly and close this case.

Dated this 19th day of April, 2016.

Honorable John J. Tuchi
United States District Judge